# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| GRANT R. HEADIFEN | § | |
| | § | |
| V. | § | 1:18-CV-00212-LY |
| | § | |
| ATTORNEY GENERAL KEN PAXTON | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss (Dkt. No. 5), and Plaintiff's Response, (Dkt. No. 6); and Plaintiff's Motion for Temporary Relief (Dkt. No. 1), and Defendant's Response (Dkt. No. 12). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Rules.

## I. ANALYSIS

Plaintiff Grant R. Headifen brings this suit against Defendant Ken Paxton, in his official capacity as Texas Attorney General. In his Complaint, Headifen argues that the outcome of state court divorce and custody proceedings violated his civil rights because they were infected by a presumption that the mother be given "primary rights" in those proceedings. Headifen also alleges a number of due process complaints with the state court proceedings. Headifen requests that the Court modify various components of the divorce decree and child custody arrangement between himself and his wife, and award damages of $10 million each to himself and his minor child. Dkt. No. 1 at 11-13. Paxton moves to dismiss for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court lacks jurisdiction to hear Headifen's claims under the *Rooker–Feldman* doctrine. As the Fifth Circuit has explained:

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). Federal courts frequently apply the doctrine to bar federal jurisdiction over family law matters such as child support and divorce proceedings. *See, e.g.*, *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403–04 (7th Cir. 2002) (finding suit challenging contempt order enforcing child support order barred by *Rooker–Feldman*); *Laskowski v. Attorney Gen. of Tex.*, 2006 WL 2479101, at *2 (S.D. Tex. Aug.25, 2006) (finding suit challenging child support arrearages barred by *Rooker-Feldman*). As this is a family law matter, under the *Rooker–Feldman* doctrine this Court lacks jurisdiction to entertain Headifen's claim. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and invoking district court review and rejection of those judgments").

In addition, this case is also subject to dismissal under the domestic relations exception to federal jurisdiction. Under the domestic relations exception, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues. *Rykers v. Alford,* 832 F.2d 895, 899 (5th Cir. 1987). Courts have reasoned that (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id.* at 899-900. "If the federal court must

determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id.* at 900. Here, it is clear that Headifen solely seeks to challenge the ruling made in state court regarding his child custody issues. As such, his claims are barred by the domestic relations exception to federal jurisdiction.[1]

## II. RECOMMENDATION

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Attorney General Ken Paxton's Motion to Dismiss (Dkt. No. 5) and **DISMISS** this action in its entirety. All other motions should be **DISMISSED AS MOOT**.

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

---

[1] Headifen, in a single sentence, also asks this Court to modify "Federal tax filing rules in regard to the child deduction." Dkt. No. 11 at 12. It is not clear whether Headifen is attempting to assert a new claim, or is merely confused about the basis for the state court's decree. It is unlikely that he is attempting to assert a separate claim, given that the only time that taxes are mentioned in the entire Complaint is the above-mentioned sentence. Regardless, Headifen has sued the wrong person for any alleged civil rights violations for federal tax code collections. The *state* Attorney General has no authority over the *federal* tax code, and is an improper party for this suit. Accordingly, this claim—if indeed it was intended as one—should be dismissed.

3

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of October, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE